IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY ROBERT MCCORMICK, | ) | |
| #255 756, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-602-MHT |
| | ) | [WO] |
| SGT. SASSER, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 complaint on June 17, 2014, accompanied by a request for leave to proceed *in forma pauperis*. Upon review of Plaintiff's request to proceed *in forma pauperis*, the court concluded the motion also contained a request to waive pre-payment of the initial partial filing fee. *See Doc. No. 2* at 3. Plaintiff requested his complaint not be filed "if pre-payment isn't waived." *Id*. By order filed June 19, 2014, the court denied the motion advising Plaintiff this court must, under 28 U.S.C. § 1915(b)(1), "assess and, when funds exist, collect" the $350.00 filing fee from monies available to Plaintiff, when the amount in Plaintiff's account exceeds $10.00. *Doc. No. 3*. The court's June 19 order further advised Plaintiff the court may <u>not</u> waive or temporarily exempt Plaintiff from compliance with the statutory provisions regarding payment of filing fees. *Id*.

Plaintiff then filed request he be allowed to proceed with this action by paying the

initial partial filing fee in ten weekly $35.00 payments. *Doc. No. 4*. By order entered June 26, 2014, the court denied Plaintiff's motion and informed him the statutory provisions regarding payment of filing fees under 28 U.S.C. § 1915(b)(1) dictates how the initial partial filing fee is calculated and how the remaining balance of the filing fee is calculated. *Doc. No. 5*. The court's June 26 order granted Plaintiff an extension to file a response in accordance with the directives of the June 19, 2014, order, and he was cautioned his failure to respond as instructed to the court's orders would result in a Recommendation that the complaint be dismissed without prejudice. *Id*.

Plaintiff has filed no response to the June 26, 2014, order and the time to do so has expired. Consequently, the court concludes that dismissal is appropriate for Plaintiff's failure to comply with the orders of the court. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *also Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court.

It is further

ORDERED that **on or before July 31, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 17th day of July 2014.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE